UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOSEPH BURNING BREAST,<br><br>Defendant. | 3:19-CR-30110-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION IN LIMINE |

Defendant Luke Joseph Burning Breast (Burning Breast) faces one count of felon in possession of a firearm in this case. Doc. 1. On November 25, 2019, the Government filed a motion in limine, Doc. 22, seeking to prohibit evidence that Burning Breast had committed a "mistake of law." Specifically, the Government sought to prohibit evidence of Burning Breast's "incorrect belief that he was no longer a felon or alternatively that his right to possess a firearm was restored." Doc. 22 at 6.

At the request of both counsel, this Court held a motion hearing on November 27, 2019, at which this Court heard argument, provided a summary of its understanding of the law, indicated that the motion in limine likely would be granted, and described Burning Breast's argument as persuasive in urging lenience at any possible sentencing but not a defense to the charge. Since that hearing, Burning Breast has filed a response, Doc. 27, opposing the motion in limine and a proposed jury instruction that, if given, would require the Government to prove beyond a reasonable doubt that Burning Breast "knew that [his prior felony conviction] prohibited him from possessing firearms or that he could not reasonably believe his civil rights had been restored."

1

Doc. 28-1 at 1–2. Either this Court was not sufficiently clear in its ruling on the record, or Burning Breast is simply making sure of his record for appeal on the issue. Regardless, this Court deems it worthwhile to reduce to writing what it stated during the November 27 hearing.

In 2007, Burning Breast pleaded guilty and in turn was convicted in this Court under 18 U.S.C. § 922(g)(3) to being a drug user in possession of a firearm. United States v. Burning Breast, 07-CR-30062.[1] Twelve years after that felony conviction, in April 2019, an officer of the Rosebud Sioux Tribal Law Enforcement Services arrested Burning Breast for domestic violence at a residence in Rosebud. During his arrest, Burning Breast reportedly admitted that he had an assault-style rifle and that he had been convicted of "user of narcotics in possession of a firearm." Doc. 22 at 2. He reportedly told officers that he was no longer a felon, however, because his conviction was more than ten years old. He later filed a motion in tribal court saying that he owned the assault-style rifle seized during his arrest and requesting that it be returned to him. A grand jury indicted Burning Breast in this case under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for being a felon in possession of a firearm.

Section 922(g)(1) makes it unlawful for any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). Section 924(a)(2) provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to ten years. 18 U.S.C. § 924(a)(2).

The case at the heart of the parties' dispute over Burning Breast's proposed defense is Rehaif v. United States, 139 S. Ct. 2191 (2019). In Rehaif, the Supreme Court held that in prosecutions under §§ 922(g) and 924(a)(2), the government "must prove both that the defendant

---

[1]Burning Breast received three years of probation, but probation later was revoked with Burning Breast then serving a nine-month sentence, followed by two years of supervised release. 07-CR-30062-1, Docs. 113, 127.

knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. The defendant in Rehaif was charged with violating 18 U.S.C. § 922(g)(5), which makes it illegal for an alien who is "illegally or unlawfully in the United States" to possess a firearm. Relying on the maxim that "'ignorance of the law' (or a 'mistake of law') is no excuse," the government argued that whether an alien was illegally or unlawfully in the United States was a question of law. Id. at 2198. The Supreme Court acknowledged that ignorance of the law is normally not a defense "where a defendant has the requisite mental state in respect to the elements of the crime but claims to be unaware of the existence of a statute proscribing his conduct." Id. at 2198 (citation omitted). As the Supreme Court explained however, the ignorance-of-the-law maxim "does not normally apply where a defendant has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct, therefore negating an element of the offense." Id. (citation omitted); see also id. (explaining that the confusion surrounding the maxim "stems from the failure to distinguish between these two quite different situations"); Wayne R. LaFave, Criminal Law § 5.6(a) (6th ed. 2017) ("[I]gnorance or mistake of fact or law is a defense when it negates the existence of a mental state essential to the crime charged."). The Supreme Court recognized that the defendant's status as an illegal alien was a "legal matter," but classified it as a "collateral" question of law. Rehaif, 139 S. Ct at 2198. It concluded that a "defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." Id.; see also LaFave, Criminal Law § 5.6 (explaining that a man charged with larceny would have a defense under a hypothetical where the man took another's umbrella from a restaurant but, under a mistake of law, believed that his prior dealings had vested him with

ownership of the umbrella). Importantly to this case, the Supreme Court explained at the end of its Rehaif opinion that it was "express[ing] no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." Rehaif, 139 S. Ct. at 2200.

After Rehaif, circuit courts have interpreted §§ 922(g)(1) and 924(a)(2) to require the government to prove that the defendant "knew he was a felon," United States v. Benamor, 937 F.3d 1182, 1186 (9th Cir. 2019), or knew that he had been "convicted" of a crime "punishable by imprisonment for a term exceeding one year," United States v. Smith, 939 F.3d 612, 614 (4th Cir. 2019). Just last month, the Eighth Circuit explained that under Rehaif, the government must show that the defendant knew "he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms." United States v. Davies, 2019 WL 5849500, at *3 (8th Cir. Nov. 8, 2019); see also id. at *2 (citing Rehaif and stating that the "relevant category of persons" banned from possessing a firearm under § 922(g)(1) is "anyone 'who has been convicted of[] a crime punishable by imprisonment for a term exceeding one year'").

Rehaif did not require the government to prove that the defendant knew he was prohibited from possessing a firearm, but only that "he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200. After Rehaif, several courts have held that the government does not need to prove that the defendant knew his status barred him from possessing a firearm. United States v. Bowens, 938 F.3d 790, 797–98 (6th Cir. 2019) (concluding that Rehaif does not require the government to prove that the defendant knew he was prohibited from possessing a firearm); United States v. Kueth, 2019 WL 6037078, at *1–2 (D. Neb. Nov. 14, 2019) ("In a prosecution under §§ 922(g) and 924(a)(2), the defendant's knowledge of his status is the crucial element, not whether he knew his status barred him from possessing a

firearm or ammunition under federal law."); <u>United States v. Phyfier</u>, 2019 WL 3546721, at *3 (M.D. Ala. Aug. 8, 2019) ("[W]hile the government must prove that [the defendant] had knowledge with respect to the status element of being a convicted felon, it need not prove that he had knowledge with respect to being prohibited from possessing a firearm—which, again, is not an element of the crime."); <u>United States v. Gear</u>, 2019 WL 4396139, at *8 (D. Hawaii Sept. 13, 2019) (explaining that <u>Rehaif</u> does not require the government to prove that the defendant "knew that he could not possess a firearm"). Relatedly, after <u>Rehaif</u>, courts have held that evidence that a defendant didn't know he was prohibited from possessing a firearm is irrelevant in a prosecution under § 922(g). <u>Phyfier</u>, 2019 WL 3546721, at *3–4 (holding that the defendant could not offer evidence that he had a concealed carry permit from a sheriff's office to show that he didn't know he was prohibited from possessing a firearm because that fact was irrelevant to felon-in-possession charge)[2]; <u>United States v. Collins</u>, 2019 WL 3432591, at *2–3 & n.2 (S.D. W. Va. July 30, 2019) (holding that evidence about defendant's mistaken belief that he could possess a firearm was irrelevant to charge under § 924(g)(4)) of illegal possession of a firearm after having been involuntarily committed to a psychiatric hospital); <u>see also</u> <u>Kueth</u>, 2019 WL 6037078, at *1–2 (denying defendant's motion in limine asking that he be allowed to argue that the government must prove that he knew it was illegal for him to possess ammunition).

In short, as the Eighth Circuit stated in <u>Davies</u>, <u>Rehaif</u> only requires the government to show that the defendant knew "he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time he possessed the firearms." 2019 WL 5849500, at *3. Evidence that Burning Breast either didn't know the law prohibited him from possessing a firearm

---

[2]The <u>Phyfier</u> court did note, however, that evidence tending to disprove that the defendant knew he was a felon would theoretically be relevant. 2019 WL 3546721, at *4 n.3.

or mistakenly thought himself exempt from the law would not negate the requisite mental state and is not a defense. This approach is consistent with Eighth Circuit law predating Rehaif. In United States v. Lomax, 87 F.3d 959 (8th Cir. 1996), the Eighth Circuit held that evidence that the defendant believed that his civil rights had been restored was irrelevant to the "mens rea" of being a felon in possession of a firearm. Id. at 962. The Eighth Circuit explained that the "'knowingly' element of section 922(g) applies only to the defendant's underlying conduct, not to his knowledge of the illegality of his actions." Id. In short, Burning Breast's proposed jury instruction is an incorrect statement of the law in placing on the government the burden to show that Burning Breast knew that he could not possess a firearm because of his status as a convicted felon and further knew that his civil rights had not been restored. Of course, if Burning Breast had a state felony conviction that had been expunged, set aside, or pardoned, or had his civil rights restored, then he would not have a qualifying felony conviction. See 18 U.S.C. § 921(a)(20); 18 U.S.C. § 922(g)(1); see also United States v. Knapp, 2019 WL 6493467, at *2 (D. Mont. Dec. 3, 2019). But Burning Breast's conviction was for a federal offense in federal court, so his restoration of rights would have to be under federal law. Beecham v. United States, 511 U.S. 368, 371–72 (1994). There is no evidence in the record of any such restoration of civil rights or any pardon, expungement, or setting aside of that conviction. Therefore, it is

ORDERED that the Government's motion in limine, Doc. 22, is granted to the extent set forth in this Opinion and Order.

DATED this __6th__ day of December, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

6